Filed 3/18/16  P. v. Saenz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068254 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN331609) |
| RODOLFO SAENZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this criminal case, appointed appellate counsel filed a brief presenting no argument for reversal but inviting our court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In order to assist our review, he also directs our attention to two claims appearing in the record.  We gave defendant and

appellant Rodolfo Saenz an opportunity to file a brief on his own behalf, and he has declined to do so.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged in count 1 with felonious assault during first degree burglary in violation of Penal Code section 220, subdivision (b).  In count 2, he was charged with oral copulation of an unconscious person, in violation of Penal Code section 288a, subdivision (f).  A jury found defendant guilty of the lesser included offense of simple assault on count 1 and rendered a guilty verdict on count 2.

The court denied probation, sentenced defendant to the low term of three years on count 2, and credited him with time served as to count 1.  On motion of the People, the trial court then dismissed the lesser included offense, count 1.  The court ordered defendant to register pursuant to Penal Code section 290 and pay $1,620 in restitution to the victim.  He received 30 days actual credit and 30 days in Penal Code section 4019 credits, for a total of 60 days in custody.  Defendant filed a timely notice of appeal.

We have independently reviewed the record and examined the issues to which we were directed by counsel.  The first potential issue raised by counsel is whether there was sufficient evidence defendant had specific knowledge the victim was unconscious when he committed the act of oral copulation.  We are satisfied sufficient evidence exists.  The offense was committed at approximately 2:00 a.m. after the victim went to bed.  The attack occurred on the victim's bed.  She testified she awakened to find defendant engaged in the act of oral copulation.  He ran when she screamed.  There is no evidence the victim was awake during the assault.  We conclude this evidence, which was believed by the jury, was sufficient to support the jury's conclusion that defendant was aware the

2

victim was sleeping, and we reject his argument that he did not remember what happened.

Counsel also asks us to consider whether it was appropriate to limit the existence, if any, of voluntary intoxication to whether the defendant acted with specific intent to commit oral copulation or had the mental state to commit that offense. CALCRIM No. 3426, which limited evidence of voluntary intoxication to whether defendant acted with the intent to orally copulate an unconscious person or knowledge that the person was not conscious of the nature of the act, was requested by counsel for defendant. We find no error in the instruction.

Further review of the record discloses no reasonably arguable appellate issue. Defendant has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

3